H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
Nathanael Lineham

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>     vs.<br><br>NATHANAEL LINEHAM, ET. AL.<br><br>        Defendants. | Case No. SA-CR-08-223-AG<br><br>NOTICE OF MOTION; MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; POINTS AND AUTHORITIES; EXHIBIT "A"; DECLARATION OF COUNSEL<br><br><br>DATE: JANUARY 6, 2013<br>TIME: 2:00 PM |

TO: UNITED STATES ATTORNEY ANDRE BIROTTE AND ASST. U.S. ATTORNEY

DENNISE WILLETT, please take notice that defendant and counsel will

bring the below motion on January 6, 2013 at 2:00 PM in the

courtroom of the Honorable Andrew Guilford, 411 W. 4th St., #10 D,

Santa Ana, California.


Dated: 11-21-2013          s./ H. Dean Steward

- 1 -

MOTION

Comes now defendant, together with counsel, and moves this honorable Court for an order in this case and the companion SA-CR-08-228-AG terminating supervised release for the reasons set out below.

Dated: 11-21-13                    s./ H. Dean Steward

                                   H. Dean Steward

                                   Counsel for Defendant

                                   Nathanael Lineham

-2-

*Points and Authorities*

## I. Background

As the Court will recall, Mr. Lineham pled guilty in May of 2009 to conspiracy regarding drugs transactions. Mr. Lineham was named in two indictments, SA-CR-08-223-AG and SA-CR-08-228-AG. He pled guilty to counts in each indictment.

Specifically, Mr. Lineham admitted that he "would use his position with Data Locking, a.k.a. BeStealth, to market encrypted electronic devices to narcotics traffickers in order the thwart law enforcement detention". [allegation 2(k), 223 indictment]. This Court imposed a 57 month sentence and 60 months of supervised release for each case, to run concurrently. Mr. Lineham completed the custody time without incident, and has been quietly working for the last 2 years while on supervised release.

Mr. Lineham has now completed approximately two years of the five years of supervised release. He seeks early termination of supervised release in both cases, primarily so he can return to his home in Canada. His children, ex-wife and other family members are in Canada, where Mr. Lineham grew up.

## II. Early Termination is Appropriate

Under 18 USC §3564 (c) this Court has the jurisdiction and authority to terminate probation/supervised release early. The one condition on a felony conviction (as here) is that the defendant have successfully finished at least one year of probation/supervised release. Such is the case with Mr. Lineham, having successfully completed 2 years.

Under the guidelines for Federal Probation Officers, nine factors are important at arriving at a recommendation for the Court. Those nine factors are contained in the federal probation manual, *Supervision of Federal Offenders* Chapter III-20, Transitioning Off Supervision, attached as Ex. "A". All 9 considerations are very favorable for Mr. Lineham:

1. Strong employment- Mr. Lineham has been gainfully employed almost from the moment of his release from custody in November of 2011. He continues full time employment at this time with the Rubenstein Center for Stress and Anxiety Relief- Mr. Lineham is the Center's manager

2. Therapy and counseling- Mr. Lineham completed the RDAP program while in custody- no other therapy or counseling has been needed

3. Never any "aggravated role" in the underlying cases

4. No history of any violence

5. No recent arrests or convictions- Mr. Lineham enjoys a blemish-free record since his release, and had no prior convictions before the instant offense

6. No recent evidence of alcohol or drug abuse

7. No recent psychiatric episodes

8. No risk to any identifiable victim

9. No risk to public safety

Also, Section 3564 of Title 18 requires that the Court consider the factors the Court originally considered at sentencing under 18 USC §3553(a) in evaluating whether early termination is

appropriate and is "in the interest of justice." *Id.* Here, Mr. Lineham had and has many supportive factors under §3553(a):

1. Mr. Lineham's entire support network of family and friends are in Canada, where he lived from birth in 1968 to 2006

2. Mr. Lineham was only in the United States to expand a business and it was always his intention to return to Canada

3. His children, Jordan 17 and Brittany 14, live in Canada with their mother and are in need of in-person mentoring by their father

4. During his incarceration, Mr. Lineham continued to parent as best he could, talking to his children every 2 -3 days via phone and by letters 2 times per week.

5. Mr. Lineham's mother, who has worked to support his children during my incarceration, is now 73, in failing health and needs support from Mr. Lineham

6. Mr. Lineham has no intention of living in the United States in the future

7. His professional contacts remain in Canada, so Mr. Lineham can return to meaningful work that will allow him to support my family

## III. Conclusion

For the reasons set out above, defendant asks the Court to terminate his supervised release at this time, in both cases. Such supervision serves no further purpose, and is costly to the taxpayers. All financial penalties have been satisfied, and he has served 2 years of his supervised release term without incident.

/

/

Mr. Lineham's desire to return to Canada is reasonable, in his best interest and in the interest of the taxpayers of this country.

Dated: 11-21-13                              s./ H. Dean Steward

                                             H. Dean Steward

                                             Counsel for Defendant

                                             Nathanael Lineham

DECLARATION OF COUNSEL

I, H. Dean Steward, declare:

1. I am retained counsel for defendant Nathanael Lineham, and was during the pendency of the underlying case. I make this declaration in support of his motion for early termination of supervised release.

2. As of the time of the hearing on this motion, Mr. Lineham will have served approximately 2 years of the 5 years supervised release imposed.

3. The facts set out above are true to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 11-21-13          s./ H. Dean Steward

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on 11-21-13, service of the defendant's:

**MOTION FOR EARLY TERMINATION OF S/R**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA DENNISE WILLETT**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11-21-13

H. Dean Steward

H. Dean Steward

- 8 -